UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CASE NO. _____
ELECTRONICALLY FILED

**KAYLA ADKINS**                                                                                          **PLAINTIFF**

-vs-

**GEICO GENERAL INSURANCE COMPANY**                                               **DEFENDANT**

## NOTICE OF REMOVAL

Comes now the Defendant, GEICO General Insurance Company, by and through counsel, and for its Notice of Removal herein and state as follows:

1. That this Defendant hereby exercises its rights under the provisions of 28 U.S.C. 1332, 28 U.S.C. 1441 and 28 U.S.C. 1446 of the United States Code, to remove this action from the Circuit Court of Pike County, Kentucky in which such action is now pending.

2. That the Plaintiff filed this civil action in Pike Circuit Court, Commonwealth of Kentucky, styled <u>Kayla Adkins v. GEICO General Insurance Company.</u>, Civil Action No. 20-CI-001593, on December 10, 2020, alleging that as a result of Evan Chapman's alleged negligence, the Plaintiff is entitled to recover underinsured motorists benefits for bodily injuries as a result of a motor vehicle accident that took place on January 30, 2020 in Pike County, KY.[1]  The Plaintiff alleges in its Complaint that the damages in this case are in excess of the jurisdictional limits of the

---

[1] See attached record of Pike Circuit Court, attached hereto as **Exhibit A**.

Pike Circuit Court.[2]

3. This notice of removal is timely filed under 28 U.S.C. 1446, having been filed less than one year from the date of the commencement of the action and within thirty days (30) of acceptance of service of the Plaintiff's complaint by this Defendant, rendering the case removable.

4. That based on information and belief, the Plaintiff was, at the time of the filing of the complaint, a citizen and domiciliary of the State of Kentucky.[3]

5. That the Defendant, GEICO General Insurance Company, is a domiciliary of the State of Maryland where it is incorporated and maintains its principal place of business. It is therefore considered a citizen and domiciliary of the State of Maryland pursuant to 28 U.S.C. § 1332(c).

6. That there is complete diversity of citizenship between the Plaintiff and the Defendant.

7. That under 28 U.S.C. § 1332(a), a federal court has original diversity jurisdiction over a matter where the suit is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Under Federal law, in calculating whether the amount in controversy satisfies the Court's jurisdictional threshold of $75,000, the Court will aggregate all claims of a Plaintiff against the Defendant. The subject litigation stems from personal injuries suffered by the Plaintiff in an automobile accident occurring on January 30, 2020. On October 12, 2020, the Plaintiff submitted a policy limit demand to GEICO

---

[2] See ¶ 3 and 15 of the Plaintiff's Complaint attached hereto as **Exhibit B.**
[3] See ¶ 1 of the Plaintiff's Complaint attached hereto as **Exhibit B.**

2

General Insurance Company.[4]  The Plaintiff, Kayla Adkins, medical records show that she sustained a fracture to her right wrist, which required surgery.  The Plaintiff also complains of injuries to her neck, back, right shoulder, and right elbow. The Plaintiff's current medical expenses are $64,231.44. The subject GEICO policy provided underinsured motorists coverages of $200,000 per person/$600,000 per occurrence, which are in excess of the Court's jurisdictional threshold of $75,000.[5]

9.    That under 28 U.S.C. §§ 1441, 1446, a Defendant may remove an action filed in state court to federal court provided that it could have been initially brought in federal court.  That under the foregoing provisions of the United States Code, this Court has original diversity jurisdiction over this matter as diversity of citizenship exists and the amount in controversy exceeds the minimum jurisdictional limits of $75,000, based on the policy limit demand of the Plaintiff.

10.    That, pursuant to 28 U.S.C. 1441(a), venue of the removed action is proper in the United States District Court for the Eastern District of Kentucky, at Pikeville, as the district and division embracing the Court where Civil Action No. 20-CI-01593, <u>Kayla Adkins v. GEICO General Insurance Company</u>, is now pending, that being Pike Circuit Court, Pike County, Kentucky.

11.    That the Defendant, GEICO General Insurance Company, does hereby remove this cause of action from the Circuit Court of Pike County, Kentucky to the United States District Court for the Eastern District of Kentucky, at Pikeville.

12.    That written notice of the filing of this Notice of Removal has this day

---

[4] See October 12, 2020 policy limit demand to GEICO General Insurance Company, see attached hereto as **Exhibit C.**

[5] See attached GEICO declarations page for underinsured motorist's coverage limits under policy # 4358-16-91-85, see attached hereto as **Exhibit D.**

3

been given to all parties to the action as required by law and a true copy of this Notice of Removal has this day been mailed to the Clerk of the Circuit Court of Pike County, as required by law.

WHEREFORE, the Defendants pray that this action be removed to this Court and that this Court accept jurisdiction of the action. The Defendant further prays that this action be placed on the docket of this Court for further proceedings, the same as though this action had been originally instituted in this Court.

Dated: January 13, 2021

/s/Darrin W. Banks
Darrin W. Banks
Daniel W. Pugh
Attorney for:  GEICO
PORTER, BANKS, BALDWIN & SHAW
P.O. Drawer 1767
Paintsville, Kentucky 41240
606-789-3747
606-789-3790
dpugh@psbb-law.com

CERTIFICATE OF SERVICE

On January 13, 2021, I mailed and electronically filed this document through the ECF system, which will send a notice of electronic filing to:

Hon. Joshua S. Ferrell
160 East 2nd Avenue
Williamson, West Virginia 25661

/s/Darrin W. Banks
Darrin W. Banks
Daniel W. Pugh